ETHEL G. McNEEL, complainant-respondent,

*v.*

HAROLD C. McNEEL, defendant-appellant.

[Submitted May 26th, 1939. Decided September 22d, 1939.]

On appeal from a decree of the court of chancery advised by Advisory Master Campbell, who filed the following opinion:

"Complainant's bill charges that defendant, without justifiable cause, abandoned her in August, 1937, since which time he has refused and neglected to maintain and provide for her. Defendant's answer denies this and by way of counter-claim he seeks an absolute divorce for the cause of extreme cruelty.

"These parties were married April 7th, 1923. They have one child, Hazel, who is about fifteen years old. From the time her mother returned from the hospital (and since which time a state of separation has existed between her mother and father), Hazel lived with her mother, at Newton, until late August of this year. During the latter month, and, so she says, of her own accord, she went to live with her father, at Stanhope, and is presently with him there. As a result of my talk with her at conclusion of final hearing I think that Hazel's happiness and welfare will best be conserved if she continues in her father's custody. She is old enough to express her choice in this respect and while this court is not bound by that manifestation it is my belief, though, that custody to her father should be given at least a fair trial. Hazel's general demeanor did not impress me favorably. She appeared to be quite disinterested in her mother and was unable to assign a satisfactory reason therefor. However, this situation is possible of correction if complainant is afforded unrestricted and unlimited visitation with her daughter.

"As to defendant's counter-claim for extreme cruelty, his proofs are wholly insufficient to support a decree. Physical violence, according to his testimony, occurred on two isolated occasions.

"My belief is that whatever happened was provoked by him.

At any rate, neither circumstance was serious, either physically or mentally. According to his daughter's testimony, her mother threatened defendant with a knife about eight years ago. At least Hazel fixed the incident as having happened when she was about seven years old. I do not recall defendant having testified as to this. However, if it did happen and defendant did not allege it in his counter-claim (much less not recollect it at final hearing), there is justification for assuming that it was not considered by him to have been serious.

"Complainant made no direct charges of infidelity. Nor does the testimony of defendant indicate that he considered her charges to imply misconduct. I think, though, that she possessed some well-founded notions as to defendant's social association with a woman or other women. At any rate, the most she seems to have accused him of in this respect was that he was entertaining other women and "running around" with them. This accusation, with nothing more, does not constitute extreme cruelty. *Hueber v. Hueber* (*Court of Errors and Appeals*), *123 N. J. Eq. 154; 196 Atl. Rep. 721.*

"While defendant may have experienced a nervous reaction because of his marital difficulties I am of the belief, however, that he not only brought about that situation through his indifferent, if not hostile, attitude toward complainant, but that his condition, mental and physical, did not endanger his safety or his health, nor render his life one of such extreme discomfort and wretchedness as to warrant a decree in his favor. His counter-claim will therefore be dismissed.

"Disposition of complainant's bill may be made without extended review of the testimony offered on complainant's behalf. The final separation of these parties was occasioned by her illness; the defendant has lived separate from complainant since her return to Newton from hospitalization in Philadelphia. Complainant committed no matrimonial offense. Under section 2:50-39 of *1 Rev. Stat. 1937,* the only justifiable cause for abandoning a wife and refusing or neglecting to maintain and provide for her is a matrimonial offense on her part which would entitle the husband to a divorce. The 'justifiable causes' referred to are adultery and extreme cruelty. To be available, such cause or causes must

be pleaded as well as proved. *Bradbury* v. *Bradbury, 74 Atl. Rep. 150; Howey* v. *Howey* (*Court of Errors and Appeals*), *77 N. J. Eq. 591; 78 Atl. Rep. 696.* For a wife to prevail in a suit of this nature it is necessary for her to show, first, that her husband has abandoned her without justification and, second, that he has refused or neglected to maintain and provide for her. *Fallon* v. *Fallon* (*Court of Errors and Appeals*), *111 N. J. Eq. 512; 162 Atl. Rep. 406.*

"Defendant admitted that, except under court order, he has not provided for complainant's support since the separation. While he did give money to his daughter, while she lived with complainant, he had no knowledge of whether any of it was given by the daughter to her mother for the latter's support.

"Defendant further admitted that since the separation he has not made, nor caused to be made, any *bona fide* efforts to have his wife return to live with him. On the other hand complainant testified that she would not return to her husband. But that is not sufficient excuse for defendant not making conciliatory advances; that determination of hers did not excuse him from making the advances which a just man ought to have made to put an end to this separation. For want of this, a separation that was willful and continued in so far as complainant is concerned, cannot be adjudged to be obstinate. *Hall* v. *Hall* (*Court of Errors and Appeals*), *60 N. J. Eq. 469; 46 Atl. Rep. 866,* and cases therein cited.

"My conclusion is that the defendant, without any justifiable cause, abandons the complainant and separates himself from her and refuses and neglects to maintain and provide for her. A decree will therefore be advised in her favor.

"Defendant's income in approximately $32 weekly. While it is admitted that he possesses an estate, the items constituting it should be considered and treated as capital assets because there was no showing that income is being derived therefrom. The final decree, then, will include a provision for the payment of $10 weekly for complainant's maintenance and support."

*Mr. Milford Salney,* for the appellant.

*Messrs. Morris, Downing & Sherred,* for the respondent.

PER CURIAM.

The decree under review will be affirmed, for the reasons expressed in the opinion of Advisory Master Campbell in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.